## D. C. Hardee *v.* C. T. Dunn et als.

A Sheriff and his sureties are liable for money collected by the Sheriff on a twelve months' bond which he had taken for goods sold by him officially.

Prescription commences to run only from the time when the right of action accrued.

The burden of proof is upon the Sheriff and his sureties to show what the former has done with money that he has collected in his official capacity.

APPEAL from the District Court of the parish of East Feliciana, *Ratliff*, J. *Muse & Hardee*, for plaintiff. *Bowman & Delee*, for defendant and appellant.

SPOFFORD, J. This is a suit against a Sheriff and his sureties for money collected in his official capacity, which he has failed to account for.

It is contended by the defendants, who have appealed, that because the money was collected on bonds and not under executions, it was not received by the Sheriff officially.

By an order of court, there was a sale of goods under seizure upon a credit of twelve months; there being several conflicting claimants who asserted a privilege upon the property, the twelve months' bonds were taken, payable to *A. J. Law*, Sheriff, or order. As the officer of court, charged with the receipt of the fund in controversy, he, through his deputy, collected the bonds at, or shortly after, their maturity.

It is difficult to conceive how he could have incurred a liability more strictly official in its character, faithfully to keep and to pay over money to the party who should ultimately be decreed to receive it.

It is urged, that some of the smaller bonds are not shown to have been collected during the official term for which the present sureties were liable. We think it results with sufficient clearness from a computation of the interest upon those bonds which are receipted without date, that the moneys were collected during the term for which the sureties in this case guarantied the fidelity of the Sheriff.

The prescription of two years is pleaded. The plea is untenable. This suit was commenced within four months after the plaintiff was appointed receiver, which appointment alone gave him competence to sue. Before that appointment, the pendency of oppositions that were undecided, rendered it impossible for any one to claim the money, or to sue the Sheriff for having appropriated it to his own use. Prescription commences to run only from the moment a right of action accrues.

It is said, that after the Sheriff collected these moneys, and before he was required to pay them over to any one, he was reëlected and gave a new bond; and that it must be presumed that he then handed over the money to his successor, that is to himself, which released his sureties on the first bond, and that, thus, if any liability was incurred, the remedy of the plaintiff is against the sureties on the second bond.

There is no force in such a defence. The money has been traced into the hands of *A. J. Law*, as Sheriff, during the time in which these sureties bound themselves to respond for him; when demanded, the money was not forthcoming. It was for the sureties, who seek to relieve themselves from their

HARDEE       *prima facia* liability for this default, to show what *Law* did with the money
*v.*         It was not for the plaintiff to show that he misapplied the funds during his
DUNN.
first term, but for him and his sureties to show that he did not so misapply it
then, but faithfully kept it, subject to the order of the court, during that term.
They have made no such showing.

Judgment affirmed.

MERRICK, C. J., recused himself.